UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE:<br><br>STACIE ANN DOSS,<br><br>                Debtor. | CASE NO. 3:16-bk-30146<br><br>CHAPTER 7<br><br>JUDGE FRANK W. VOLK |
| STACIE ANN DOSS,<br><br>                Plaintiff,<br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                Defendant. | ADVERSARY PROCEEDING NO.<br>3:16-ap-03010 |

**MEMORANDUM OPINION AND ORDER**

Pending is the Partial Motion to Dismiss for Failure to State a Claim (the "Motion") as to Counts I(d), V and V filed by Wells Fargo Bank, N.A. ("Wells Fargo"). [Dckt. No. 17].

This is a noncore proceeding relating to a case under Title 11. The Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

**I.**

Ms. Doss petitioned for relief under Chapter 7 on March 29, 2016. Her financial distress led to an arrearage in her indebtedness to Wells Fargo. Wells Fargo commenced collection efforts, which included telephone calls, written communications, and other means of contact. In response, Ms. Doss retained counsel to represent her interests on the matter. Following the retention of counsel, Ms. Doss mailed a letter to Wells Fargo. The letter advised the bank she had

retained counsel and instructed Wells Fargo to direct all collection efforts to her lawyer. Additionally, the letter included a request that Wells Fargo terminate contact at specified telephone numbers. Counsel for Ms. Doss failed to include a copy of this letter when filing the adversary proceeding. Counsel for Ms. Doss likewise failed to include any dates of contact, including the date the letter of representation was mailed to Wells Fargo. Thus, the chronology is a bit unclear. Specifically, the Court cannot ascertain the duration or frequency of the alleged collection efforts.

In response to Wells Fargo's continued direct collection efforts, Ms. Doss filed this adversary proceeding on August 1, 2016. She alleges seven counts. Count I asserts violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA") contending Wells Fargo: (a) engaged in unreasonable or abusive conduct in an effort to collect a debt; (b) caused Ms. Doss's telephone to ring or engaged persons in telephone conversations repeatedly, at unusual times and times known to be inconvenient for Ms. Doss; (c) used unconscionable means to collect a debt; and (d) failed to disclose the name of the entity making the demand for payment. [Dckt No. 1].

Count II asserts violation of the West Virginia Computer Crimes and Abuse Act, contending Wells Fargo acted with the intent to harass Ms. Doss by using an "electronic communication device" to make contact with Ms. Doss after being advised of retained counsel and Ms. Doss's request to cease contact. [Dckt No. 1]. Count III asserts a violation of the West Virginia Telephone Harassment Statute resulting from Wells Fargo's intent to annoy and harass Ms. Doss by causing her telephone to ring repeatedly and continuously. [Dckt No. 1].

Count IV asserts a claim for common-law negligence, referring to Wells Fargo's failure to train, supervise, monitor or otherwise control its employees to ensure compliance with the WVCCPA. [Dckt No. 1]. The first cause of action labeled as Count V asserts a claim for intentional infliction of emotional distress resulting from Wells Fargo's violation of the WVCCPA.

[Dckt No. 1]. The second cause of action labeled as Count V asserts a claim for common-law invasion of privacy, referring to the Ms. Doss's asserted expectation "to be free from harassing and annoying telephone calls within the confines of [her] home." [Dckt No. 1]. Count VI asserts a claim for violation of the Telephone Consumer Protection Act ["TCPA"], resulting from Wells Fargo's use of an automated dialer system that repeatedly made collection calls to Ms. Doss after her request to cease contact. [Dckt No. 1].

Wells Fargo moves to dismiss Counts I(d), V and V with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Wells Fargo asserts the complaint sets forth sparse factual allegations, namely, that Wells Fargo placed collection phone calls to Ms. Doss and allegedly continued to do so after being informed of retained counsel and a request by Ms. Doss to cease telephone calls. Wells Fargo contends these factual allegations contradict and fail to establish a claim that Wells Fargo "failed to clearly disclose the name of the business entity making a demand for money." [Dckt. No. 17]. Wells Fargo further contends the facts alleged preclude claims for intentional infliction of emotional distress and common-law invasion of the privacy because Ms. Doss has failed to show that the tort claims exist separate from the provisions of WVCCPA.

Ms. Doss replies that the "very short and plain" facts are sufficient to withstand Wells Fargo's motion to dismiss Count One. In support of the tort claims, Ms. Doss asserts Wells Fargo's motion to dismiss is premature because Wells Fargo has not conceded it is a "debt collector" and that Ms. Doss is a "consumer."

## II.

A.　　**Governing Standard**

　　　　1.　　**Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562-63); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 558. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Wright v. N. Carolina*, 787 F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks and citation omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."

4

*Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570.

The decision in *Iqbal* provides some additional markers concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief. . . .'"
>
> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief."
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678-79 (citations omitted).

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "'accept as true all of the factual allegations contained in the complaint . . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555); *see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir.

5

2002)). The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### 2. West Virginia Code § 46A-2-127(a) and (c)

West Virginia Code § 46A-2-127 contains the WVCCPA guidelines for ascertaining "[f]raudulent, deceptive and misleading representations" in debt collection. W. Va. Code § 46A-2-127. A debt collector violates the WVCCPA by engaging in "fraudulent, deceptive or misleading representation[s] or means to collect or attempt to collect claims or to obtain information concerning consumers." W. Va. Code § 46A-2-127. The Code section includes a non-exhaustive list of eight acts that violate the WVCCPA, in relevant part:

> (a) The use of any business, company or organization name while engaged in the collection of claims, other than the true name of the debt collector's business, company or organization;
> . . . ;
>
> (c) The failure to clearly disclose the name and full business address of the person to whom the claim has been assigned for collection, or to whom the claim is owed, at the time of making any demand for money; W. Va. Code Ann. § 46A-2-127(a) and (c).

To overcome a motion to dismiss, a plaintiff must "articulate facts, general or specific, explaining how [a d]efendant could be liable under Section 46A-2-127[(a) and (c)]." *Wrenn v. Bank of Am. Home Loans, LP*, Civil Action No. 5:12–cv–01169, at *3 (S.D. W. Va. Jan. 30, 2013); *see also Rabel v. Huntington Nat. Bank*, No. 2:14-CV-25818, 2015 WL 3540660 (S. D. W. Va. June 4, 2015).

### 3. Intentional Infliction of Emotional Distress

In West Virginia, the tort of intentional infliction of emotional distress mirrors that found in *The Restatement Second of Torts*: "One who by extreme and outrageous conduct

6

intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Restatement (Second) of Torts* § 46 (1977); *Honaker v. Town of Sophia*, No. 5:15-CV-03483, 2016 WL 1629368, at *5 (S.D.W. Va. Apr. 22, 2016). Further, West Virginia requires proof of four elements:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 78 (4th Cir. 2016).

When analyzing a claim for intentional infliction of emotional distress, a plaintiff must sufficiently allege the threshold requirement of extreme and outrageous conduct. This is an exceptionally rigorous burden: "Whether conduct may reasonably be considered outrageous is a legal question, which courts determine on a case-by-case basis." *Id*; *see also Woods v. Town of Danville, W.V.*, 712 F. Supp. 2d 502, 511 (S.D.W. Va. 2010). It is not enough that a defendant act with tortious or even criminal intent . . . . [T]he actions "must be regarded as atrocious, and utterly intolerable in a civilized community." Restatement (Second) of Torts § 46 (1977); *Bourne v. Mapother & Mapother, P.S.C.*, 998 F. Supp. 2d 495, 507 (S.D.W. Va. 2014)("Twenty-seven unanswered phone calls over the course of eight months at regular hours of the day cannot be regarded as atrocious or utterly intolerable in a civilized community," even where defendant intended to inflict emotion distress). *Woods v. Town of Danville, W.V.*, 712 F. Supp. 2d 502, 511 (S.D.W. Va. 2010)("conduct that is merely annoying, harmful of one's rights or expectations, uncivil, mean-spirited, or negligent does not constitute outrageous conduct.").

### 4. Common Law Invasion of Privacy

Under West Virginia law, a claim for invasion of privacy may be proven by an "unreasonable intrusion upon the seclusion of another." *Imagine Medispa, LLC v. Transformations, Inc.*, 999 F. Supp. 2d 873, 886 (S. D. W. Va. 2014) (quoting *Crump v. Beckley Newspapers, Inc.,* 173 W.Va. 699, 320 S.E.2d 70, 83 (1984)). The Supreme Court of Appeals of West Virginia draws on *The Restatement Second of Torts* for the standard by which to ascertain conduct that rises to the level of invasion of privacy. The *Restatement* provides "that although occasional telephone calls cannot constitute an intrusion upon seclusion, repeated, persistent calls at inconvenient hours can." *Id.*; *see also* Restatement (Second) of Torts § 652B cmt. d (1977); *Compare Duncan v. JP Morgan Chase Bank, N.A.,* No. 10–1049, 2011 WL 5359698, at *5–6 (S.D. W. Va. Nov. 4, 2011) (sixty-eight calls made by defendants to plaintiffs was basis for intrusion upon seclusion claim), *with Hutchens v. West Asset Mgmt., Inc.,* No. 11–996, 2013 WL 1337178, at *3 (S. D. W. Va. Mar. 29, 2013) ("Plaintiffs appear to allege that defendant invaded their privacy by calling them on the telephone. The court cannot see how defendant's actions in this case violate any right to privacy.").

An intrusion, whether by virtue of persistence or character, "must rise to the level of what a reasonable person would find 'highly offensive.'" *Imagine Medispa*, 999 F. Supp. 2d at 886 (quoting *Restatement (Second) of Torts* § 652B cmt. d (1977)("It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded.").

### B. Analysis

**1. Defendant's Motion to Dismiss Count I(d):
West Virginia Code § 46A-2-127(a) and (c)**

In response to the economy of words pled by Ms. Doss, Wells Fargo asserts that the Complaint fails to assert any facts in support of Count I(d), alleging Wells Fargo made fraudulent, deceptive and misleading representations in attempt to collect the debt. Wells Fargo is correct. The allegations establish little more than the following: Ms. Doss came into arrears on her indebtedness; Wells Fargo commenced collection efforts; Ms. Doss retained counsel and sent a letter to Wells Fargo noting counsel and requesting the bank cease contacting specified telephone numbers; and Wells Fargo continued direct collections efforts.

The Complaint is entirely devoid of any statement or reference to an instance where Wells Fargo represented itself as another entity or failed to disclose its identity. Further, Ms. Doss's reply to Wells Fargo's Motion to Dismiss unfortunately misses the mark and again fails to elaborate upon any showing of fraudulent, deceptive and misleading representations by Wells Fargo. In both *Wrenn* and *Rabel*, the district court required pleaders to "articulate facts, general or specific, explaining how [a d]efendant could be liable under Section 46A-2-127." *Wrenn* Civil Action No. 5:12–cv–01169 (S.D.W.Va. Jan. 30, 2013); *Rabel*, No. 2:14-CV-25818, 2015 WL 3540660 (S. D. W. Va. June 4, 2015). This Ms. Doss Failed to do.

It is, accordingly, **ORDERED**, that Defendant's Motion to Dismiss Count I(d) be, and hereby is **GRANTED**.

**2.** *Defendant's Motion to Dismiss Count V:
Intentional Infliction of Emotion Distress*

The Court first assesses the threshold issue of whether Wells Fargo's conduct may reasonably be considered extreme and outrageous. The allegations indicate only that Wells Fargo

9

continued collection efforts following notice of Ms. Doss's retention of counsel. The pleading is drawn conclusorily and without reference to any extreme or outrageous conduct. At most, the Complaint illustrates Wells Fargo merely annoyed Ms. Doss. The frequency of calls to Ms. Doss by Wells Fargo, how many calls were made each day, at what time of day the calls were made, the date collection efforts began, the date collections ceased, if ever, and the date Ms. Doss sent Wells Fargo the letter of representation are all missing. There is thus no plausible claim presently stated that Wells Fargo acted "atrocious, and utterly intolerable in a civilized community." *Bourne* 998 F.Supp.2d at 507. Ms. Doss does not satisfy the threshold requirement.

It is, accordingly, **ORDERED**, that the Motion to Dismiss Count V: Intentional Infliction of Emotional Distress be, and hereby is **GRANTED**.

*3. Defendant's Motion to Dismiss Count V: Common Law Invasion of Privacy*

It is asserted that Wells Fargo repeatedly telephoned Ms. Doss following notice of retained counsel. Although the frequency of telephone calls is unknown at this time, the Complaint includes sufficient allegations, with accompanying reasonable inferences, which give rise to a plausible claim.

It is, accordingly, **ORDERED**, that the Motion to Dismiss Count V: Common Law Invasion of Privacy be, and hereby is, **DENIED**.

**III.**

Based upon the foregoing discussion, it is **ORDERED** that the Motion to Dismiss is **GRANTED** as to Count I(d) and the first Count V and **DENIED** as to the second Count V.

Counts I(d) and the first Count V are dismissed without prejudice, with leave to re-plead the dismissed claims within 14 days following the entry of this written opinion and order.